# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SHAWN MICHAEL CHALIFOUX,

    Plaintiff,

v.                                      Case No. 3:24-cv-301-TJC-PDB

CARLOS EDUARDO MENDOZA
and LESLIE HOFFMAN PRICE,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a federal inmate, initiated this action by filing a pro se Complaint (Doc. 1) under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He did not include the filing fee with his Complaint, so the Court assumes he desires to proceed in forma pauperis. He names two Defendant – the Honorable Carlos Eduardo Mendoza, United States District Judge; and the Honorable Leslie Hoffman Price, United States Magistrate Judge. Id. at 2.

Although Plaintiff cites Bivens, it is unclear what type of action he is attempting to bring. He argues that during his federal criminal prosecution in No. 6:21-cr-15-CEM-LHP, Defendants engaged in judicial bias and prejudicial misconduct by illegally sentencing Plaintiff, letting Plaintiff waive his Sixth Amendment right to counsel, failing to appoint a private investigator, denying

Plaintiff's habeas petition, and hindering his ability to seek a direct appeal. See Doc. 1 at 5-6. Plaintiff also alleges that the government engaged in prosecutorial misconduct and asserts claims of ineffective assistance of counsel. Id. at 6-7. As relief, he seeks compensatory damages and a court order directing an investigation into his claims of misconduct. Id. at 12.

To the extent that Plaintiff is attempting to file a Bivens action against Defendants in their individual capacities, his claims fail because a judge acting within his or her judicial capacity is entitled to absolute immunity, and is not subject to civil suits for damages, unless he or she acted "in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). This absolute immunity applies to federal judges. See Bevan v. Steele, 417 F. App'x 840, 841 (11th Cir. 2011) (finding that the district judge and magistrate judge were entitled to absolute judicial immunity because the complained of actions were made during the court's normal conduct). Because Plaintiff complains about actions Defendants took in their judicial capacity, they are entitled to absolute judicial immunity. And thus, Plaintiff fails to state a plausible claim for relief under Bivens.

To the extent that Plaintiff is attempting to challenge his underlying criminal conviction by raising claims of prosecutorial misconduct and ineffective assistance of counsel, he may pursue those claims in an action under

2

28 U.S.C. § 2255 filed in the District Court where he was convicted – the Middle District of Florida, Orlando Division. The Court has approved the use of forms for motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody and Plaintiff will be provided with a copy of that form. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a form motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of April, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   Shawn Michael Chalifoux, #202400001212

3